IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD BIRD,

    Plaintiff,

v.      Civil Action No. RDB-18-1315

MARINE TERMINALS
CORPORATION-EAST, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Ronald Bird ("Plaintiff" or "Bird") brings this lawsuit against Defendants Marine Terminals Corporation-East ("Marine Terminals") and International Longshoreman's Association – Local 333 ("Local 333") (collectively, "Defendants"), alleging that Defendants discriminated against him during his employment as a Longshoreman in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended 42 U.S.C. § 12101, *et seq.* Currently pending before this Court is Marine Terminal's Motion to Partially Dismiss the Complaint, or, Alternatively, for Partial Summary Judgment (ECF No. 12) and Local 333's Motion to Partially Dismiss Complaint, or, in the Alternative, Motion for Partial Summary Judgment (ECF No. 14), which adopts and incorporates Marine Terminal's arguments. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, both Motions to Dismiss (ECF Nos. 12, 14) are DENIED.

1

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. V. Nat' Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). In 2007, Martine Terminals hired Bird as a Longshoreman. (ECF No. 2, at ¶ 11.) From about 2010 to June 26, 2013 Plaintiff was supervised by Surrender McKnight, a Local 333 union member employed by Defendant Marine Terminals. (*Id.* at ¶ 14.) As a "Gang Carrier," McKnight led the union-led work group, or "gang," in which Plaintiff worked. (*Id.*) Plaintiff alleges that McKnight harassed him daily based on his disability, specifically his hearing impairment. (*Id.* at ¶ 15.) In September 2011, Defendants began restricting Plaintiff's work assignments to reduce his pay. (*Id.* at ¶ 16.) For example, they refused to give Bird "double-time" which would have doubled his hourly rate of pay. (*Id.* at ¶¶ 16-17.) Instead, Defendants allegedly allotted double-time to members in McKnight's gang who did not have disabilities, despite their lesser qualifications. (*Id.* at 18.)

On June 19, 2013, Bird filed two identical Charges of Discrimination with the EEOC against Marine Terminals and Local 333, alleging that Surrender McKnight subjected him to discrimination, harassment, and retaliation based on his hearing disability. (ECF Nos. 12-2, 14-2.) Subsequently, on June 27, 2013, Bird transferred to Antwan Lemon's gang. (ECF No. 2, at ¶ 24.) Lemon was also a Gang Carrier, employed by Defendant Marine Terminal, and a member of Local 333. (*Id.*) Bird continued to encounter problems under Lemon's supervision, where "double-time" remained available only to employees without disabilities. (*Id.* at ¶ 25.)

On January 17, 2017 the EEOC issued a determination finding that there was reasonable cause to believe that Bird had faced discrimination and retaliation in violation of the ADA. (ECF No. 12-3, at 2.) On March 20, 2018, Bird commenced this action in the Circuit Court for Baltimore City, Maryland. (ECF No. 2.) On May 4, 2018, Defendants removed the case to this Court.

## STANDARD OF REVIEW

The Defendants have filed Motions to Partially Dismiss or, in the alternative, Motions for Partial Summary Judgment based on Plaintiff's alleged failure to exhaust his administrative remedies with respect to his claims arising from his work on the Lemon gang. (ECF Nos. 12, 14.) A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Sager v. Hous. Com'n of Anne Arundel Cty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.)). Because this Court discerns no basis for converting the Motion to one for Summary Judgment, the Defendants' Motions (ECF Nos. 12, 14) will be construed as Motions to Dismiss based on Plaintiff's failure to exhaust administrative remedies.

A motion to dismiss for failure to exhaust administrative remedies is governed by Federal Rule of Civil Procedure 12(b)(1), which requires dismissal when the court lacks subject matter jurisdiction. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003); *Clarke v. DynCorp Intern. LLC*, 962 F.Supp.2d 781, 786 (D. Md. 2013). While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the

3

complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007)). Accordingly, in ruling on Defendants' Motions to Dismiss, this Court will consider Plaintiff's EEOC Charge and related documents. *See Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." (citations omitted)).

## ANALYSIS

Defendants seek to dismiss Bird's claims arising after his transfer to the Lemon gang on June 27, 2013. They argue that these claims have not been subject to the ADA's administrative exhaustion requirements because Bird did not mention the Lemon gang in his EEOC Charges. (ECF Nos. 12-1, 14-1.) Title I of the ADA, which prohibits discrimination in employment, adopts the administrative exhaustion requirements found in Title VII of the Civil Rights Act of 1964 ("Title VII"). *Magness v. Harford County*, ELH-16-2970, 2018 WL 1505792, at *9-10 (D. Md. March 27, 2018). Accordingly, before bringing an ADA discrimination claim in federal or state court, a plaintiff must meet certain statutory requirements. First, a plaintiff must file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within a specified time "after the alleged unlawful employment practice occurred." *Id.* In

4

Maryland, a deferral state,[1] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). Finally, a plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Failing to exhaust administrative remedies deprives this Court of subject matter jurisdiction over the claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Accordingly, this Court must dismiss a discrimination lawsuit if the plaintiff has not exhausted the required administrative remedies before bringing suit. *Chacko v. Patuxent Institution*, 429 F.3d 505, 508–09 (4th Cir. 2005). The exhaustion requirement ensures that the charged party receives notice of the claims it faces. *Chacko*, 429 F.3d at 510. A subsequent lawsuit thus must limit its claims to those included in the administrative charge and those "reasonably related" to the claims described in the administrative charge. *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). Accordingly, administrative charges which reference "different time frames, actors, and discriminatory conduct than the central factual allegations" in a civil complaint do not satisfy the administrative exhaustion requirements. *Chacko*, 429 F.3d at 506. The administrative exhaustion requirements, however, should not set "a tripwire for hapless plaintiffs." *Sydnor v. Fairfax County*, 681 F.3d 591, 594 (4th Cir. 2012).

Bird's administrative charges contain the same allegations found in this lawsuit. Before the EEOC, Bird complained that McKnight was harassing him daily; that the harassment

---

[1] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

continued even after filing grievances; and that he had been denied "seniority" and assigned to perform disfavored job tasks. (ECF Nos. 12, 14.) The Complaint merely adds that he continued to face unfair treatment while working for Lemon. Specifically, it alleges that Defendants denied him "double-time" under McKnight's supervision and that that Defendants continued to withhold this benefit while he worked under Lemon. (Id. at ¶¶ 16, 18, 25). As Bird alleges that the same type of discrimination took place under both the McKnight and Lemon gangs, dismissal of Bird's claims is not warranted.

## CONCLUSION

For these reasons, Marine Terminal's Motion to Partially Dismiss the Complaint, or, Alternatively, for Partial Summary Judgment (ECF No. 12) is DENIED, and Local 333's Motion to Partially Dismiss Complaint, or, in the Alternative, Motion for Partial Summary Judgment (ECF No. 14) is DENIED.

A separate Order follows.

Dated:    January 31, 2019

_____
Richard D. Bennett
United States District Judge